# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 NOV -6  P 12: 34

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| BARRY F. SHANNON, pro se | ) Case No.: CIVIL ACTION NO. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| UNITED RECOVERY SYSTEMS, LP | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff, Barry F. Shannon, individually, hereby sues Defendant(s) UNITED RECOVERY

SYSTEMS, LP for violations of the FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C §

1681 et seq.

## PRELIMINARY STATEMENT

1.  This is an action for money damages brought by Plaintiff against Defendant for

    violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C § 1681 et seq.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is conferred by 15 U.S.C § 1681p.

3.  Venue is proper in this District pursuant to 28 U.S.C § 1391b.

## PARTIES

4. The Plaintiff, Barry F. Shannon, is a natural person residing in Wrentham, Massachusetts.

5. Plaintiff is a "consumer" as the term is defined by 15 U.S.C § 1681a(c)

6. Defendant UNITED RECOVERY SYSTEMS, LP is an unknown entity, with an office located at 5800 North Course Drive Houston, Texas 77072

## FACTUAL ALLEGATIONS

7. On June 2, 2011 Plaintiff obtained his credit reports from all 3 major credit reporting agencies.

8. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities that he did not recognize and without his consent.

9. On January 5, 2011 UNITED RECOVERY SYSTEMS, LP initiated a hard pull of Plaintiff's credit report from Experian without permissible purpose.

10. Discovery of violation brought forth herein occurred in January of 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## Violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C § 1681

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. Plaintiff is a consumer within the meaning of FCRA, 15 U.S.C § 1681a(c)

13. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f)

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d)

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant UNITED RECOVERY SYSTEMS, LP

18. At no time did Plaintiff give his consent for Defendant United Recovery Systems, LP to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states:  The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 1602(j) this title, as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On January 5, 2011 Defendant UNITED RECOVERY SYSTEMS, LP obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account UNITED RECOVERY SYSTEMS, LP could claim to have with him and is positive he had no account with UNITED RECOVERY SYSTEMS, LP which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant UNITED RECOVERY SYSTEMS, LP obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE,** Plaintiff demands judgment for damages in the amount of $1,000 against Defendant UNITED RECOVERY SYSTEMS, LP for statutory damages, and such amount of punitive damages as the court may allow, attorney's fees and costs, pursuant to 15 U.S.C § 1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated this 5th of November,2012

Respectfully submitted,

BARRY F.SHANNON
604 MADISON STREET
WRENTHAM,MA 02093
508-384-2484
Barryshannon@comcast.net